## BAILEY v. WRIGHT et al.

In an action to foreclose a mortgage securing a note and interest coupons, the holder of two of the coupons was made a party defendant, and a judgment was rendered decreeing a sale of the mortgaged premises to satisfy, first, the claim of the holder of the note, and, second, that of the holder of the coupons. The property brought the amount due on the note only. The mortgagors redeemed from the sale, and thereafter the holder of the coupons brought an action to again foreclose the mortgage to the extent of the amount due on the coupons. **Held,** that by pleading the judgment against them in the first foreclosure suit as a bar to the action, the mortgagors were estopped from setting up the invalidity of the judgment in a subsequent action thereon.

(Opinion filed, July 3, 1907.)

Appeal from Circuit Court, Hutchinson County. Hon. E. G. SMITH, Judge.

Action by C. O. Bailey against Anna P. Wright and another. Judgment for plaintiff, and defendants appeal. Affirmed.

*Gamble, Tripp & Holman,* for appellants. *Bailey & Voorhees,* for respondent.

HANEY, J. The only question presented by this appeal is whether the court below erred in directing a verdict for the plaintiff. The evidence, principally documentary, disclosed this state of facts: The defendants Anna P. and Alpha H. Wright, executed and delivered to the German-American Loan & Trust Company their note, with interest coupons attached, and a real estate mortgage to secure the same. The trust company transferred the note and mortgage to one Caldwell, guarantying payment of principal and interest. The Wrights having failed to pay two coupons, they were paid by the trust company as guarantor. The note not having

been paid at maturity, Caldwell brought suit to recover the amount due him thereon and to foreclose the mortgage, making the Wrights and the trust company parties defendant. Though personally served with summons, the Wrights made no appearance. The trust company appeared and answered alleging ownership of the two coupons which it had taken up as guarantor, and demanding that it be decreed to be the equitable owner of such coupons and the mortgage so far as necessary to secure the same. A foreclosure judgment in favor of Caldwell was entered upon the complaint, answer of the trust company, and an affidavit of default as to the Wrights, which contained these provisions: "And it is ordered, adjudged, and decreed that the defendant, the German-American Loan & Trust Company, have and recover from the defendant, Anna P. Wright and Alpha H. Wright, the sum of one hundred and ninety-six dollars, and that it have and has an equitable interest in said mortgage on the land described therein to secure the payment thereof, subject to the lien of the plaintiff for the satisfaction of its said judgment, and that any surplus of the proceeds of said sale, after satisfying the plaintiff's said judgment and costs and expenses of sale, shall be paid by the officer making said sale on said judgment of the German-American Loan & Trust Company, so far as the same will apply in satisfaction thereof." Execution was issued upon the Caldwell judgment, and the mortgaged property sold for the amount of his claim. Subsequently, James H. Stearns, as receiver of the trust company, instituted an action against the Wrights and another to foreclose the mortgage for the purpose of collecting the amount due on the two before-mentioned coupons. In this action the Wrights alleged, as their second and only defense (their first defense · having been withdrawn), the commencement of the Caldwell foreclosure suit, the rendition of the judgment therein, the sale under such judgment, and that they had redeemed the mortgaged property. The court found that the Wrights executed the note with coupons and mortgage; that the trust company paid the two coupons; answered in the foreclosure suit, and procured the · judgment as heretofore stated; that the land was sold for Caldwell's claim; that the Wrights redeemed from the execution sale as alleged in their answer; and concluded that the Wrights were entitled

to a judgment dismissing the action on its merits. Judgment accordingly having been entered, and Stearns' motion for a new trial denied, he appealed to this court, where the judgment of the circuit court was affirmed. Stearns v. Wright, 13 S. D. 544, 83 N. W. 587. Thereafter, Stearns, as receiver of the trust company, brought the present action on the company's judgment in the Caldwell foreclosure case, setting out such judgment in his complaint, and alleging, inter alia, that the land described therein was sold under execution and purchased by Caldwell for the sum due him, with accruing costs; that the premises were redeemed by the Wrights by paying only the amount of the sale with interest, and without paying any portion of the sum therein adjudged to be due to the trust company. To this the Wrights (so for as material on this appeal) stated their defense as follows: "That no process or pleading was ever served upon either of these defendants in the Caldwell action, referred to in the third paragraph of the complaint, so far as related to any claim or demand in said action in favor of said company against either of these defendants, and neither of them ever appeared in person or by attorney in said action," C. O. Bailey, having succceded to the rights of Stearns, was substituted as party plaintiff. On the trial, it was admitted "that in the case of W. S. Caldwell against the defendants Wright and said trust company, in this court, the defendants Wright were served with the summons and complaint in the case, but that they were never served with the answer or cross-complaint of said company, and were never served with any pleading or process to force them to answer said answer or cross-complaint of said company, and neither of them ever appeared or answered such cross-complaint or answer of said company."

So it will be observed that a judgment was rendered in the foreclosure case adjudging Caldwell to be entitled to recover the amount due on the principal note, with interest, and the trust company to be entitled to recover the amount due on the two coupons, with interest, and decreeing a sale of the mortgaged premises to satisfy the claims of each in the order named; and that the sale of the mortgaged property was only sufficient to satisfy the Caldwell claim, leaving a personal judgment in favor of the trust company

against the Wrights, which has not been paid, provided the trust company's judgment was valid, and it will be readily conceded that the mortgage security was exhausted by the sale to Caldwell. Such being the situation, Stearns, as receiver of the trust company, began his action to again recover judgment on the trust company's coupons and to again foreclose the mortgage to the extent of the amount due on such coupons. Of course, this action was bound to fail if the trust company had previously obtained a valid judgment on the same cause of action, so the receiver contended that the trust company's former judgment was void because its answer or cross-complaint was not served on its codefendants, the Wrights, who necessarily asserted the validity of such judgment by pleading it as a defense in the receiver's action. As stated, the circuit court dismissed such action on its merits. In doing so, it necessarily concluded that the receiver had failed to show the former judgment was invalid. On appeal, the same contention was renewed; the receiver insisting that the former judgment was void, and the Wrights insisting that its invalidity had not been shown, and that it was not, in fact, invalid. Their printed brief in this court, in that case, contained this statement: "There was no necessity of service or notice of the trust company's answer to the validity of the judgment against the defendants Wright. It was not such an answer or cross-complaint as required service or notice within the law on this subject. If the court is of opinion our first position is correct, it becomes unnecessary to consider this second proposition. A conclusion, however, that this is correct, would do away with a consideration of the first." This court sustained the first position, namely, that it did not affirmatively appear from the record that the judgment in favor of the trust company in the foreclosure case was invalid. Stearns v. Wright, supra. Stearns, having failed in his attempt to have the trust company's personal judgment adjudged invalid, adopting the position asserted by the Wrights in the receiver's action, instituted the present action, contending that such judgment was valid, and that the Wright's are estopped from denying its validity; while the latter, in direct conflict with the position taken by them in the receiver's case, contend that such judgment was void because they were not served with the trust company's answer or cross-complaint.

Without considering whether the argument of counsel for the Wrights, in support of the contention that the judgment sued on was, valid, notwithstanding the trust company's cross-complaint was not served on its codefendants, was more convincing than the argument now presented in support of the contention that such judgment was void for that reason, we cannot escape the conclusion that the Wrights should be estopped from asserting its invalidity in this action. In such cases as this, the general rule has been stated thus: "A claim made or position taken in a former action or judicial proceeding will estop the party to make an inconsistent claim or take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party, where the parties are the same, and the same questions are involved. Thus, a party who has successfully interposed a defense or objection in one action or proceeding cannot shift his ground, and take a position in another action or proceeding which is so inconsistent with his former defense or objection as necessarily to disprove its truth." 16 Cyc. 799. If defendant's position in the present action is correct, its position in the receiver's action was certainly incorrect. Having successfully resisted the collection of these unpaid coupons in that action by asserting that a valid judgment had been previously procured. It is neither equitable nor sensible that they now should be permitted to defeat the collection of the same debt by proving that their former assertion was false.

The judgment of the circuit court is affirmed.